## Chicago City Railway Company v. Edward Roberts, Admr. of the Estate of Walter Krueger, deceased.

### Gen. No. 13,379.

NEGLIGENCE—*when evidence does not establish, resulting in injury at street intersection.* Held, that the evidence in this case did not establish negligence upon the part of the servants of the traction company which resulted in the death of the plaintiff's intestate.

BAKER, P. J., dissenting.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. BEN. M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed October 18, 1907.

**Statement by the Court.** This action of case was brought by appellee under the statute to recover damages for the next of kin of Walter Krueger, whose death was caused by being struck by one of appellant's electric street railway cars near the intersection of Wentworth avenue and Twenty-fourth street in the city of Chicago, during the evening of April 2, 1903.

The declaration of two counts avers in the first count that while said Walter Krueger was walking across the tracks of appellant on Wentworth avenue near said intersection, appellant by its servants so carelessly, negligently and improperly drove and managed its car that the car struck him and threw him down upon the pavement and under the car and he was thereby killed.

The negligence of appellant averred in the second count is substantially the same as in the first count, and in addition thereto it is alleged that the car was "running at an unusual, unwarranted, reckless and high rate of speed, ringing no bell nor gong, displaying no light and giving no warning or alarm of any kind of said car's approach."

The record shows that Wentworth avenue lies north and south; that appellant's railway on that street consists of two tracks, north-bound cars running over the easterly and south-

bound cars running over the westerly. Wentworth avenue is intersected at right angles by Twenty-fourth street. North of Twenty-fourth street is an alley opening into Wentworth avenue from the west, and the next street north is Twenty-third place running into Wentworth avenue from the west but not crossing it.

The accident occurred about 7:30 o'clock in the evening. It was dark, and the place of the accident was not well lighted. Walter Krueger was nearly eight years old and his sister who was with him was ten years old. They were living with their parents on Twenty-fourth street west of Halsted street. On the evening in question they left their home to go to the Burr Mission, located at Wentworth avenue and Twenty-third street on the east side of Wentworth avenue. During the year next preceding the accident they had been accustomed to go to that mission every Thursday evening. The sister testified that she had crossed the Wentworth avenue street car tracks "lots of times with Walter and knew that those were street car tracks, and that cars were running on them." She testified that Walter attended the Harrison public school, about a block from his home, a year and a half preceding the accident.

From the testimony of the girl it appears that when she and Walter reached the northwest corner of Wentworth avenue and Twenty-fourth street, and when they had stepped off the sidewalk, she looked both ways for a car and "I seen Walter look both ways for the car"; that she saw no car coming from the north, but that she saw one coming from the south about a block away from where they were, and that she knew it was coming on the east track. Thereupon they started diagonally northeast, hand in hand, to cross Wentworth avenue. Neither of them looked again in the direction of the car until they reached the railway track and just as they were struck by the north-bound car. This was at a point, according to her testimony, at least seventy-five feet north of Twenty-fourth street.

The trial in the Circuit Court resulted in a verdict and judgment against appellant for $2,500.

WILLIAM J. HYNES, JOHN E. KEHOE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

NORMAN A. BECK and THOMAS F. CRONIN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The main question presented by the record and in argument is, whether the verdict and judgment are justified by the evidence. Does the evidence with all the inferences fairly and justifiably to be drawn from it show that appellant was guilty of the negligence averred in the declaration?

There is some controversy in the evidence as to the point where the accident happened. But the testimony on both sides of the case places it at a considerable distance north of Twenty-fourth street. The evidence shows it was a dark evening and that Wentworth avenue at this point was poorly lighted. The car itself was well lighted, and its electric headlight threw a light upon the street some distance ahead of the car.

We think from the testimony of appellee's witnesses that the car was not going at a high, reckless or immoderate rate of speed and that it stopped after the accident occurred south of Twenty-third place. According to the testimony of the witnesses for appellant the car was running about ten miles an hour, which was about the usual and normal speed at that place.

The evidence on behalf of appellee is silent as to any negligence of the motorman in the management and operation of the car. Morland and Polcaster, who were called as witnesses on behalf of appellee and who claim to have been on the front platform of the car at the time of the accident, do not testify to any act of negligence on the part of the motorman.

The evidence affirmatively shows, without any conflict, that the car and its stopping appliances were in good repair and working order; and that the motorman promptly and effectively employed the stopping appliances as soon as he became aware of the presence of the children and their inten-

tion to cross the track, effecting what one of the witnesses called an "emergency stop."

The motorman of the car, Sanford, testified that the street was clear of traffic and teams, and that just before he reached Twenty-third place two children appeared near the southbound track running as fast as they could, the boy a little in advance of the girl and a little closer to the car. The children were then about thirty feet from the car and in front of the Marie Chapel on the west side of the street at the third door from the corner of Twenty-third place. He at once reversed his machinery, rang the bell and sanded the track. The deceased did not appear to have seen the car. The little girl saw it and put out her hand, but she was running so fast she could not stop. The car struck them and they both fell on the fender. In this statement of the accident the motorman is substantially corroborated by the witness Meslein, who was on the front platform of the car, and by other witnesses.

Our conclusion from the evidence is that it does not show that appellant was guilty of the negligence averred in the declaration, and that the verdict and judgment are not justied by the evidence and cannot be sustained.

The judgment therefore is reversed with a finding of fact.

*Reversed.*

MR. PRESIDING JUSTICE BAKER dissenting.